IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILL L. WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-CV-3259-S-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Bill L. Watkins petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("the Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. An administrative law judge ("ALJ") found Plaintiff had multiple severe impairments, but retained the residual functional capacity ("RFC") to perform work as a production assembler, small products assembler, or final assembler. The ALJ thus found him not disabled.

Because the ALJ's opinion is supported by substantial evidence on the record as a whole, the Commissioner's decision is AFFIRMED.

**Background**

A complete summary of the record is presented in the parties' briefs and repeated here only to the extent necessary. Plaintiff filed his pending applications on May 3, 2011, which allege, as amended, a disability onset date of May 1, 2010. After the Commissioner denied his applications, Plaintiff requested an ALJ hearing. On March 1, 2013, the ALJ found that Plaintiff was not disabled. The Social Security Administration Appeals Council denied Plaintiff's request

for review on May 12, 2014, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court gives "deferential" review to the Commissioner's findings and conclusions. *Raney v. Barnhart*, 396 F.3d 1007, 1009 (8th Cir. 2005). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

Plaintiff's main contention on appeal is the ALJ should have given greater weight to an opinion submitted by his treating nurse practitioner Cheryl Rajotte, ARNP[1] ("Nurse Rajotte"). Nurse Rajotte completed a physical medical source statement[2] opining that Plaintiff had various work-related, physical limitations. R. at 462–63. The ALJ formulated an RFC that is partially consistent with this opinion. R. at 16. He gave the balance of this statement—comprising

---

[1] ARNP stands for Advanced Registered Nurse Practitioner.

[2] A medical source statement "is a form checklist that the [Commissioner] considers when determining whether a claimant is able to perform specific work-related activities." *Perkins v. Astrue*, 648 F.3d 892, 898 (8th Cir. 2011).

opinions on Plaintiff's sitting, standing, postural, and environmental limitations—"very little weight," in part because it was inconsistent with the objective medical evidence. R. at 19. Plaintiff claims this rejection was error.

In deciding whether a claimant is disabled, one determination the ALJ must make is whether, given his RFC, the claimant can perform his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The ALJ assesses a claimant's RFC by weighing all of the relevant medical evidence. *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006). Generally, the medical opinions of "acceptable medical sources" on a claimant's impairments are given more weight than so-called "other sources." *Id.* at 885. Nurse practitioners are "other sources" and thus merit less weight than acceptable medical sources. *Id.* at 886. "In determining what weight to give 'other medical evidence,' the ALJ has more discretion and is permitted to consider any inconsistencies found within the record." *Raney*, 396 F.3d at 1010. Whatever weight the ALJ decides to give a source's opinion, he must "always give good reasons." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Because Nurse Rajotte is a nurse practitioner, the ALJ had considerable discretion to reject her physical medical source statement. *See Lacroix*, 465 F.3d at 885. He had a good reason to do so: Nurse Rajotte's statement was inconsistent with other medical evidence of record. Concerning the standing and sitting limitations, disability examiner Linda S. Foster opined that Plaintiff could stand and sit for longer per workday than Nurse Rajotte indicated. R. at 76, 78–80. As for his postural limitations, Nurse Rajotte appeared to render those based on Plaintiff's "knee pain." R. at 463. However, Plaintiff does not cite any diagnosis of a knee ailment in the record. Finally, as for the environmental limitations, which Nurse Rajotte found based on Plaintiff's alleged respiratory problems, Plaintiff had examinations without objective

3

signs of breathing difficulties. *E.g.* R. at 470 ("Normal breath sounds bilaterally. No rales, wheezes, or rhonchi[.]"[3]); *accord* R. at 379, 468, 497. Moreover, the ALJ emphasized Plaintiff's smoking habit, R. at 18, which could cause his breathing and respiratory problems, not the environment.

Although Plaintiff views the medical evidence differently, "[i]t is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001). Given the inconsistencies between Nurse Rajotte's medical source statement and the remainder of the record, the ALJ properly rejected part of that opinion in formulating Plaintiff's RFC. *See Raney*, 396 F.3d at 1010; 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Plaintiff next argues that the ALJ failed to provide a "narrative discussion" illuminating how he developed Plaintiff's RFC, because none of the evidence "is explicitly related back to the particular conclusions adopted by the ALJ in his RFC along with an explanation of *how* such evidence supports the ALJ's findings" (Doc. 15 at 27). "[A]lthough the ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific evidence, the ALJ need not follow each RFC limitation with a *list* of specific evidence on which the ALJ relied." *Doherty v. Colvin*, No. 4:13-0656-DGK-SSA, 2014 WL 3530898, at *3 (W.D. Mo. July 16, 2014) (citing SSR 96-8p, 1996 WL 374184 (July 2, 1996)); *accord Davis v. Colvin*, No. 3:14-cv-05075-MDH, 2015 WL 1964791, at *5 (W.D. Mo. May 1, 2015) (same attorney as here) (collecting cases in accord from this District). Under the proper, generous

---

[3] Rales are "small clicking, bubbling, or rattling sounds in the lung"; wheezes are "relatively 'continuous' sounds as compared to crackles [and] have a musical quality"; and rhonchi are "lower in pitch than wheezes and have a snoring quality." *Oary v. Astrue*, No. 11-5112-CV-SW-REL-SSA, 2012 WL 6016919, at *3–4 nn. 3, 4, 8 (W.D. Mo. Dec. 3, 2012).

standard of Ruling 96-8p, the ALJ's decision more than passes muster. The Court rejects this argument.

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying Title II and XVI benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  July 17, 2015                   /s/ Greg Kays
                                                      GREG KAYS, CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT